**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:20-CR-195- |
| | § | SDJ-KPJ |
| ULYSSES MENDOZA (1) | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Ulysses Mendoza's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 21, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office. The Government was represented by Camelia Lopez.

Defendant was sentenced on August 16, 2018, before The Honorable Jane J. Boyle of the Northern District of Texas after pleading guilty to the offense of Possession of Stolen U.S. Mail, a Class D felony. This offense carried a statutory maximum imprisonment term of five years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of IV, was 21 to 27 months. Defendant was subsequently sentenced to 27 months imprisonment and two years' supervised release, subject to the standard conditions of release, plus special conditions to include drug aftercare, restitution totaling $657.04, and a $100 Assessment. On May 1, 2020, Defendant completed his period of imprisonment and began service of the supervision term. On July 21, 2020 jurisdiction in this case was accepted from the Eastern District of Texas.

On August 28, 2020, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed].  The Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1) The defendant must not commit another federal, state or local crime; (2) The defendant must not unlawfully possess a controlled substance; (3) The defendant must refrain from any unlawful use of a controlled substance; (4)  After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (5) If you are arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours; and (6) The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program.  The defendant must pay any cost associated with treatment and testing [Dkt. 2 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On July 1, 2020, Defendant was arrested by the Plano Police Department for Mail Theft. He has been released on bond. To date, the case has not been filed by the Collin County District Attorney or the U.S. Attorney's Office, ED/TX; (2) (3) On May 8, 2020, Defendant submitted a urine specimen that tested positive for methamphetamine.  The specimen was confirmed positive for methamphetamine at the national lab.  On June 23, 2020, Defendant submitted a urine specimen that tested positive for methamphetamine and opiates.  The specimen was confirmed positive for methamphetamine and morphine at the national lab; (4) Defendant failed to submit an online monthly report as instructed by the probation officer for the months of June, July, and August 2020; (5) Defendant failed to notify the U.S. Probation Office following his arrest by the

Plano Police Department for Mail Theft; (6) Defendant failed to initiate substance abuse counseling at Fletcher Counseling and Associates as directed by the U.S. Probation Officer [Dkt. 2 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed allegations 2 through 6. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 15; 16].

### RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of twelve (12) months, to run consecutively with any term imposed in 4:20-CR-238, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Texarkana, Texas, if appropriate.

**SIGNED this 1st day of October, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE